110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David J. SCOTT, Plaintiff-Appellant,
v.
Richard E. JOHNSON, et al., Defendants-Appellees.
 No. 96-1253.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 David J. Scott appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott filed his complaint in the district court alleging that he was wrongly charged with and found guilty of misconduct after plaintiff threatened to file an institutional grievance against defendant Ball following a disagreement over the use of a stapler. Plaintiff named the defendant Michigan prison officials in their individual capacities and sought declaratory relief and compensatory and punitive damages. The magistrate judge recommended that the complaint be dismissed as frivolous, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint. This timely appeal followed, and the district court granted plaintiff leave to proceed in forma pauperis on appeal. On appeal, plaintiff has filed a motion for remand and essentially argues that his retaliation claim is not frivolous.
 
 
 3
 Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous under § 1915(d), a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of the plaintiff." Id.
 
 
 4
 Upon consideration, it is concluded that the district court did not abuse its discretion in dismissing plaintiff's complaint for the reasons stated in the magistrate judge's report and recommendation filed July 28, 1995, and in the district court's opinion adopting the recommendation filed October 23, 1995. Essentially, defendants' alleged conduct was not an egregious abuse of power and does not rise to the level that "shocks the conscience." See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). Further, plaintiff did not allege a deprivation of the other minimum requirements of due process. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). It is also noted that plaintiff did not allege that the finding of his guilt is unsupported by "some evidence," see Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), and that plaintiff enjoys no liberty interest in procedures required under prison policy because plaintiff was not subject to an "atypical, significant deprivation." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 5
 Finally, it is noted that plaintiff's motion for a remand is without merit. Plaintiff contends that he can establish a pattern of false misconduct charges because he has five other civil rights actions pending in the district court in which he alleged retaliatory conduct by prison officials. However, this information was not considered by the district court and should not be considered in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Further, it is submitted that a remand is unwarranted in any event.
 
 
 6
 Accordingly, the motion for remand is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.